IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

AIKEN DIVISION

| | |
|---|---|
| MICHAEL D. KING, | ) Civil Action No. 1:04-22939-RBH-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| SCOTT HARPER; | ) |
| ROGER KANEY; | ) |
| SCOTT NEELY; AND | ) |
| TOMMY RIVERS, | ) **REPORT AND RECOMMENDATION** |
| Defendants. | ) |
| | ) |

Plaintiff, Michael D. King ("King"), filed this action in the Court of Common Pleas for Barnwell County, South Carolina on October 12, 2004. He appears to allege that a traffic stop violated his constitutional rights. Defendants, Officer Scott Harper ("Harper"), Williston Police Chief Roger Kaney ("Kaney"), Williston City Administrator Scott Neely ("Neely"), and Williston Mayor Tommy Rivers ("Rivers"), removed this action to this court on November 10, 2004.[1] Defendants filed a motion for summary judgment on July 15, 2005. King, because he is proceeding pro se, was advised on August 8, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint. King did not file a response to the Roseboro order. On September 15, 2005, the undersigned filed a

---

[1]Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

second order allowing King an additional fifteen days in which to advise the Court whether he wished to continue to prosecute this action. King did not file a response.[2]

## FACTS IN THE LIGHT MOST FAVORABLE TO PLAINTIFF

On September 11, 2004, at around 10:10 a.m., King (who resides in Barnwell, South Carolina) drove on U.S. Highway 78 through Williston, South Carolina in a westerly direction headed towards Aiken and Augusta. King observed a Williston Police cruiser on the side of Highway 78. He passed the police cruiser and went down the road, at which time he realized he needed to stop at a location back in Williston. King turned his car around and drove past the police officer again. After he finished his business in town, King headed back through town and passed the police officer again. The police officer, Harper, stopped King's car. Harper approached King's car and hit the trunk with his hand. King had no idea why he was being stopped. Harper told King that King had run off the road and asked for King's license, insurance,

---

[2]This report and recommendation addresses King's claims on the merits. Alternatively, it is recommended that this action be dismissed without prejudice for King's failure to prosecute. A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 108 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:
1. the degree of plaintiff's responsibility in failing to respond;
2. the amount of prejudice to the defendant;
3. the history of the plaintiff in proceeding in a dilatory manner; and
4. the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, King is proceeding pro se, so he is entirely responsible for his actions. It is solely through King's neglect, and not that of an attorney, that no response has been filed. King has not responded to Defendants' motion for summary judgment. No other reasonable sanctions are available.

and registration. King asked Harper his name. In response, Harper only gave King his last name and badge number. King was not given a traffic citation. Complaint, at 1.[3]

## DISCUSSION

King alleges claims for racial profiling and racial harassment. He claims that Harper pulled his car over based on his race. Additionally, King appears to allege that Police Chief Roger Kaney failed to adequately train Harper and that Town Administrator Neely and Mayor Rivers failed to adequately supervise Harper. Defendants argue that their motion to dismiss or for summary judgment should be granted because: (1) King fails to establish a Fourth Amendment claim; (2) King fails to establish a Fourteenth Amendment due process claim; (3) King fails to show that Defendants failed to train or supervise Harper; (4) and Defendants Kaney, Neely, and Rivers cannot be held liable on a theory of respondeat superior.

    1.    <u>Fourth Amendment</u>

King appears to allege that his Fourth Amendment rights were violated by the traffic stop. Defendants contend that King fails to establish a Fourth Amendment claim because Harper had probable cause to believe that a traffic violation occurred.

The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Because a traffic stop of a vehicle constitutes a seizure within the meaning of the Fourth Amendment, such stops must also be reasonable under the circumstances. See <u>Whren v. United</u>

---

[3] Defendants reference King's deposition in their motion for summary judgment, but have not provided a copy of the deposition or the relevant excerpts. A copy of a videotape of the incident in question, as filmed from Harper's police cruiser, has been submitted to the Court.

States, 517 U.S. 806, 810 (1996). "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred," id., or "a reasonable suspicion supported by articulable facts that criminal activity may be afoot," United States v. Sokolow, 490 U.S. 1, 7 (1989) (internal quotation marks omitted). As long as the officer has a reasonable suspicion that even a minor traffic offense has occurred or is occurring, the stop of the vehicle is constitutionally permissible. See United States v. Hassan El, 5 F.3d 726, 730 (4th Cir.1993).

Harper states that he observed King's vehicle leaving town, shortly thereafter he saw King's vehicle pass him going into town, within a few minutes he observed the same vehicle moving out of Williston again, and he saw King's vehicle cross the white line designating the edge of the roadway. Harper Aff. King has presented no evidence to dispute that Harper had a reasonable suspicion to perform an investigatory stop. Thus, King fails to show that his Fourth Amendment rights were violated.

2.    Fourteenth Amendment

King appears to allege that his constitutional rights were violated because King subjected him to racial profiling.[4] Defendants argue that King fails to establish a Fourteenth Amendment claim because he has not shown that similarly-situated motorists not of Kings's protected class were not detained and/or prosecuted in similar situations.

---

[4]King also claims "racial harassment," but has presented no evidence of any conduct or comments that were made based on his race.

The Supreme Court, in Whren v. United States, 517 U.S. at 810, held that police officers can temporarily detain a motorist when they have probable cause to believe the motorist violated a traffic ordinance, even if the police have some other motivation to stop the motorist. The Court, however, expressly limited its analysis to the Fourth Amendment and acknowledged that "the Constitution prohibits selective enforcement of the law based on considerations such as race." Id. at 813. To prevail on an equal protection claim in the racial profiling context, King would have to show that the challenged law enforcement practice had a discriminatory effect and was motivated by a discriminatory purpose. See Bradley v. United States, 299 F.3d 197, 205 (3d Cir. 2002). To prove discriminatory effect, King must shown that he is a member of the protected class and that "similarly situated" persons in an unprotected class were not stopped and/or prosecuted for motor vehicle violations. Id. In other words, to establish discriminatory effect, an African-American claimant must demonstrate that a law or regulation was enforced against him, but not against similarly situated individuals of other races. See United States v. Armstrong, 517 U.S. 456, 465 (1996)(selective prosecution claim); Chavez v. Illinois State Police, 251 F.3d 612, 636 (7th Cir. 2001); United States v. Hayes, 236 F.3d 891, 895 (7th Cir. 2001). King fails to establish a Fourteenth Amendment racial profiling claim because he has not shown that similarly-situated individuals not of a protected class were not prosecuted and/or detained in similar situations.

3.    Failure to Properly Train/Negligent Supervision

King alleges that Kaney failed to adequately train Harper. A police department, through a claim against one of its employees in their official capacity, may be liable for the failure

to train its employees only where such failure "reflects 'deliberate indifference' to the rights of its citizens." Doe v. Broderick, 225 F.3d 440, 456 (4th Cir. 2000)(quoting City of Canton v. Harris, 489 U.S. 378, 388 (1989). Deliberate indifference may be found "only if 'in the light of the duties assigned to specific officers or employees, the need for more or different training is…obvious, and the failure to train is likely to result in the violation of constitutional rights.'" Jordan by Jordan v. Jackson, 15 F.3d 333, 341 (4th Cir. 1994)(quoting City of Canton, 489 U.S. at 390). "' Deliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Board of County Comm'rs of Bryan County v. Brown, 520 U.S 397, 410 (1997). Mere negligence in the failure to train will not suffice to impose § 1983 liability. A plaintiff must also show that the deficiency in training was the cause-in-fact of the deprivation of rights alleged. Jordan by Jordan v. Jackson, 15 F.3d at 341.

Kaney states that Harper is a certified law enforcement officer in the State of South Carolina, he is a graduate of the Criminal Justice Academy, the policy of the Town of Williston is to meet at least the minimum requirements of law for continuing education by police officers, and that as of September 11, 2004, Harper had met all of the training requirements of the State of South Carolina and the Town of Williston Police Department. Kaney Aff., Paras. 2 and 3. Additionally, Kaney states that through legal updates and individual instruction, as of the date of the alleged incident, officers of the Williston Police Department had been instructed that racial profiling was not an acceptable practice by the Department. Id., Para. 4. King fails to show that

Kaney was deliberately indifferent to Harper's training or that any deficiency in training caused the deprivation alleged.

To the extent that King is asserting a claim for negligent supervision under § 1983, his claim fails because negligence is not actionable under § 1983.  Negligence, in general, is not actionable under 42 U.S.C. § 1983.  See Daniels v. Williams, 474 U.S. 327, 328-36 & n. 3 (1986); Davidson v. Cannon, 474 U.S. 344, 345-48 (1986); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir. 1987); and Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995)(applying Daniels v. Williams and Ruefly v. Landon: "The district court properly held that Daniels bars an action under § 1983 for negligent conduct.").

4.     Respondeat Superior

Defendants Kaney, Neely, and Rivers argue that he cannot be held vicariously liable or liable on the basis of a failure to adequately supervise or control.  The doctrine of respondeat superior generally is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom which results in illegal action. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Fisher v. Washington Metro Area Transit Authority, 690 F.2d 1133, 1142-43 (4th Cir. 1982).  Higher officials may be held liable for the acts of their subordinates, however, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization.  Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984), cert. denied, Reed v. Slakan, 470 U.S. 1035 (1985).

King has not alleged that Defendants Kaney, Neely, or Rivers were personally responsible for the alleged incidents. Further, King has not shown that these Defendants were deliberately indifferent to, or tacitly authorized, any of the alleged actions or inactions. Thus, King fails to show that Defendants Kaney, Neely, or Rivers are liable on a theory of respondeat superior or supervisory liability.

## CONCLUSION

Based upon review of the record, it is recommended that Defendants' motion for summary judgment (Doc. 10) be granted.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

November 16, 2005
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Magistrate Judge's Report and Recommendation**
**&**
**The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, *supra*,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201